AARON THOMAS V. THE STATE.

No. 16028.   Delivered October 25, 1933.
Rehearing Denied December 20, 1933.
Reported in 65 S. W. (2d) 769.

The opinion states the case.

*Sam T. Holt,* of Carthage, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for cattle theft, punishment being two years in the penitentiary.

The charge against appellant was the theft of one head of cattle from W. M. Risinger. The facts may be concisely stated as follows: On the evening of November 10, 1932, Mr. Risinger drove his cattle from the pasture to his lot at which time he missed two head of cattle, one a dark brown or black steer, about two and a half years old, the other a light-colored heifer about fifteen months old. An investigation led to finding the hides from the two head of cattle in the possession of Mr. Gothard, who had bought them from appellant and Graves. The hides were produced at the trial and identified by Risinger by color and marks described by the witness. It was appellant's defense that he bought two head of cattle from Bryant Lane corresponding in color and size to those claimed to have been stolen from Risinger, and that the hides appellant sold to Gothard were from the cattle he bought from Lane.

It appears from the evidence that Mr. Risinger's son claimed the light colored heifer which had been stolen. Bill of exception number two shows that appellant objected to proof as to the theft of such animal on the ground that it was proving another offense foreign to the case on trial. We think no error is shown in admission of the evidence regarding the heifer. It is clear from the record that the cattle were running together and were taken at the same time. The facts disclose only one transaction which involved both animals.

When the case was called for trial appellant made application for continuance based on the absence of W. C. Lane and Bryant Lane in which application appellant stated that he expect-

ed to prove by W. C. Lane that he had owned a *"black* heifer about one year old and a brown or black steer about two years old," and that his son Bryant Lane sold them to appellant, and that Bryant Lane would testify that at his father's request he had sold them to appellant, and that said two head of cattle were the same cattle which appellant was charged with stealing. Before the court ruled on the application Bryant Lane appeared. Appellant did not press his request for continuance but announced ready. The record shows that after appellant had testified that one of the cattle claimed by him to have been purchased from Bryant Lane was a *light-colored heifer,* the state confronted him with his statement in the application for continuance that he expected to prove that one of the cattle claimed to have been so purchased was a *black heifer.* By bill of exception number one appellant complains because the state was permitted to introduce before the jury the application for continuance in question. We find the following statement in said bill. "The trial court permitted the reading of the motion for impeachment purposes of the defendant Aaron Thomas, and the witness Bryant Lane who testified for the defendant." We find no certificate in the bill that the court made any such statement in the jury's presence when the application for continuance was admitted in evidence, nor do we find in the court's charge any instruction to the effect that said application was admitted as affecting the credibility of Bryant Lane. It was not admissible as affecting his credibility but was admissible against appellant as touching the weight the jury would give his testimony. It being admissible for that purpose we perceive no error in receiving it.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The motion for rehearing is based on the alleged error of the court below in admitting in evidence appellant's application for continuance, for the purpose of impeaching defense witness Bryant Lane, and appellant who testified; also on the supposed error of allowing the district attorney to question said Lane in reference to the allegations contained in said motion for continuance.

We find no bill of exceptions setting up that the district attorney was permitted to so question Lane, and this complaint passes out. Further, the argument in the motion on the other point raised is that the application for continuance, which was introduced in evidence, was in part based on the absence of

W. C. Lane, and that his expected testimony was stated therein, and hence that the introduction in evidence of this part of the application was erroneous. No such ground of objection appears to have been made when the testimony was admitted. Looking to the bill of exceptions, we observe that when appellant's application for continuance was offered, he objected to its introduction solely on the ground that it was not a filed paper,— had not been presented to the court, but had been withdrawn. We must view a matter of this kind as it came before the trial judge, and appraise only the objection presented to the court. As stated in our original opinion, the application was admitted only for the purpose of impeaching appellant and Bryant Lane, both of whom testified for the defense.

Finding no error in the record, the motion for rehearing will be overruled.

*Overruled.*